The opinion of the Court was delivered by
Duktkin, Ch.
The object of this bill was to enjoin an execution which the defendant held against the complainant, and to set aside a purchase which the defendant had made of the complainant’s property at sheriff’s sales. The charge was, that the defendant was, at the time, the agent of the complainant, and that the property was sacrificed for half its value. The cause was first heard at July Term, 1851. The Chancellor) after reviewing all the facts, remarks, that “ the case of the plaintiff was not very strong,” but that purchases of this character should be scrutinized strictly; and concludes, by directing an account, in which the defendant should be charged, among other things, “ with the true value of the land and slaves bought at sheriff’s sale.” Under this decree, the parties proceeded with their references, and, at July Term, 1852, the Commissioner submitted his report, stating, among other things, that the property purchased at sheriff’s sale was a small tract of land and two negroes, one an old woman, and the other a boy, probably about two or three years of age, and that, after hearing the testimony, his judgment was, “ that the land and two negroes were sold for their full and true value at the time.” And that, on the accounting, the complainant was indebted to the defendant in the sum of three hundred and eighty dollars, with interest from 4th November, 1845; To this report the complainant excepted, because the Commissioner had erred in not charging the defendant with the present value of the land and slaves; and the exception was sustained.
It appears to this Court, that the Commissioner acted in strict conformity with the terms of the decree of July, 1851. If the complainant had been dissatisfied with the measure of justice *150 then awarded to him, he was at liberty to have had that decree revised. But he acted under the decree, and witnesses were examined before the Commissioner, to prove that the property was sold, at sheriff’s sales, at less than its true value. On the preponderance of testimony, the Commissioner came to a different conclusion; and, on that issue, the complainant having failed,- he seeks now to reform the decree of 1851, in which he had acquiesced, and Uiider which he had acted, and thereby create a new issue for another inquiry before the Commissioner. This Court is of opinion that the exception should have been overruled, and the report of the Commissioner confirmed ; and it is now so ordered and decreed.
Johnston, Dargan and Wardlaw, CC., concurred.

Appeal sustained. '